**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**UNITED STATES OF AMERICA,**

**v.**                                                                        **CR NO.  07-313(JMF)**

**JEFFREY FRANKLIN,**

   **Defendant.**

---

**DETENTION MEMORANDUM**

This matter comes before me upon the application of the United States that the defendant be detained pending trial.  After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**FINDINGS OF FACT**

1.   Warren Johnson of the Metropolitan Police Department and his partner, Officer Andrews, were on patrol in the 1400 block of Oren Street N.E. in separate cruisers when they heard a loud crash.  They then saw the defendant running from the scene of a two car collision in the 1400 block of Staples Street N.E.

2.   Officers Johnson and Andrews chased him in their cars into an alley. At one point, the defendant turned around. Officer Johnson testified that the defendant then pointed the gun at him. When Officer Johnson, after taking cover and unholstering his gun, ordered the defendant to put his gun down, the defendant threw the gun into a nearby yard.

3.     According to Officer Johnson, the defendant subsequently told another officer or

detective that the defendant had pointed his gun as Officer Andrews because he

feared that Officer Andrews was going to run him over.

## REASONS FOR DETENTION

### Eligibility

The government seeks the defendant's pre-trial detention pursuant to 18 U.S.C. §

3142(f)(1), which authorizes the pre-trial detention of a defendant who, like this defendant, is

charged with a crime of violence.  Possession of a firearm by a felon is now deemed a crime of

violence in applying the Bail Reform Act.

### Pertinent Factors

In determining whether there are conditions of release which will reasonably assure the

appearance of the defendant in court as required and the safety of the community the court is to

consider:

1.     The nature and circumstances of the offense charged, including whether the  offense is a
       crime of violence or involves a narcotic drug;

2.     The weight of the evidence;

3.     The history and characteristics of the person, including

       a.     His character, physical and mental condition, family ties, employment, financial
              resources, length of residence in the community and community ties;

       a.     Past conduct, history relating to drug or alcohol abuse;

       b.     Criminal history;

       c.     Record concerning appearance at court proceedings;

       d.     Whether, at the time of the current offense or arrest, the person was on probation,
              parole, or on other release pending trial, sentencing, appeal or completion of
              sentence for an offense under Federal, State or local law.

18 U.S.C. § 3142.

## Analysis

An analysis of these factors compels the conclusion that the defendant should be detained.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**  As noted, the crime charged is a crime of violence and on this record involves the defendant pointing the gun at a police officer.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant is unemployed and lives with his mother.

**The weight of the evidence**.  The weight of the evidence is substantial at this point in the case.

**History relating to drug or alcohol abuse**. There is no information as to this factor.

**Record concerning appearance at court proceedings and prior criminal record** and **whether on probation or parole at the time of the present offense.**  The defendant has been convicted of carrying a dangerous weapon, reckless driving, and robbery.  The defendant is on probation in the Superior Court on the robbery charge.

## Conclusion

The evidence before me at a minimum shows that the defendant was on probation for a serious violent offense when he had in possession a gun. His contempt for the conditions of his release robs me of any confidence that he will be faithful to the conditions of release I would set, especially the central condition that he commit no new crimes if released.   I, therefore, conclude that there are no conditions I could set that would reasonably assure this defendant's appearance

or that the would not commit new crimes if released and that he should be detained pending trial.


_____/s/_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE


Dated: June 28, 2007